Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VI

| AGMA SECURITY SERVICE, INC.<br><br>Recurrente<br><br>v.<br><br>MUNICIPIO DE CAROLINA<br><br>Recurrido | KLRA202500340 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subastas del Gobierno Municipal Autónomo de Carolina<br><br>Sobre: Impugnación de Subasta Núm. 34/2024-2025 |
|---|---|---|

Panel integrado por su presidenta, la jueza Ortiz Flores, la juez Aldebol Mora y la jueza Boria Vizcarrondo.

Aldebol Mora, Juez Ponente

# SENTENCIA

En San Juan, Puerto Rico, a 4 de agosto de 2025.

Comparece ante nos la parte recurrente, AGMA Security Service, Inc., y nos solicita la revisión y revocación de la notificación de adjudicación de subasta emitida y notificada por la Junta de Subastas del Municipio Autónomo de Carolina el 28 de mayo de 2025. Mediante el mismo, el referido organismo notificó la adjudicación de subasta a favor de West Security Services, Inc.

Por los fundamentos que expondremos a continuación, se confirma la determinación administrativa recurrida. Veamos.

## I

El 22 de abril de 2025, el Municipio Autónomo de Carolina publicó un *Aviso de Subasta* en el periódico *El Vocero* sobre servicios de vigilancia privada a dependencias municipales (Subasta Núm. 34/2024-2025).[1] La referida subasta se celebró el 22 de mayo de 2025 y participaron los siguientes licitadores con las propuestas a continuación:[2]

---

[1] Apéndice II del recurso, pág. 6.
[2] Apéndice V del recurso, págs. 16-19.

Número Identificador

SEN2025 _____

| Compañía | Primer año | | Segundo año | | Tercer año | |
|---|---|---|---|---|---|---|
| | Guardia armado | Guardia desarmado | Guardia armado | Guardia desarmado | Guardia armado | Guardia desarmado |
| Sheriff Security Service[,] Inc. | $15.75 | $14.31 | $15.75 | $14.31 | $15.75 | $14.31 |
| Bridge Security Services | $16.00 | $15.15 | $16.00 | $15.15 | $16.00 | $15.15 |
| Survelillance Net Force, Inc. | $15.25 | $14.00 | $15.25 | $14.00 | $15.25 | $14.00 |
| JOM Security | $16.05 | $14.85 | $16.05 | $14.85 | $16.05 | $14.85 |
| A[GMA] Security Service, Inc. | $14.75 | $13.50 | $15.25 | $14.00 | $15.25 | $14.00 |
| West Security Service[,] Inc. | $14.60 | $14.00 | $14.60 | $14.00 | $14.60 | $14.00 |

Evaluadas las propuestas presentadas por los licitadores, el 28 de mayo de 2025, la Junta de Subastas del Municipio Autónomo de Carolina (Junta de Subastas o recurrida) emitió y notificó la adjudicación de subasta que nos ocupa, mediante la cual le adjudicó la buena pro a West Security Services, Inc. (West).[3] En particular, el organismo administrativo expresó que West cumplió con todos los requisitos establecidos en la subasta y presentó la mejor oferta económica. Por otro lado, indicó que, aunque los demás licitadores cumplieron con los requisitos de la subasta, el precio de las ofertas presentadas era más alto en comparación con la adjudicada.

Inconforme, el 9 de junio de 2025, la parte recurrente, AGMA Security Service, Inc., compareció ante nos mediante el recurso de revisión judicial de epígrafe y propuso el siguiente señalamiento de error:

> Erró la Junta de Subastas del Municipio [Autónomo] de Carolina al determinar que West Security Service, Inc., presentó la mejor oferta económica para la Subasta Núm. 34/2024-2025.

En cumplimiento con nuestra *Resolución* del 9 de junio de 2025, la parte recurrida compareció mediante *Alegato del Recurrido* el 20 del mismo mes y año.

Con el beneficio de la comparecencia de las partes, así como con la copia certificada del expediente administrativo, nos disponemos a resolver el recurso que nos ocupa.

---

[3] Apéndice I del recurso, págs. 1-5.

**II**

**A**

Sabido es que los tribunales apelativos debemos otorgar amplia deferencia a las decisiones emitidas por las agencias administrativas, puesto que estas cuentan con vasta experiencia y pericia para atender aquellos asuntos que se les han sido delegados por la Asamblea Legislativa. *Otero Rivera v. Bella Retail Group, Inc. y otros*, 2024 TSPR 70, resuelto el 24 de junio de 2024; *Hernández Feliciano v. Mun. Quebradillas*, 211 DPR 99 (2023); *OEG v. Martínez Giraud*, 210 DPR 79 (2022); *Super Asphalt v. AFI y otro*, 206 DPR 803, 819 (2021); *Graciani Rodríguez v. Garaje Isla Verde*, 202 DPR 117, 126 (2019); *Rolón Martínez v. Supte. Policía*, 201 DPR 26, 35 (2018). Es por ello, que, tales determinaciones suponen una presunción de legalidad y corrección que a los tribunales nos corresponde respetar, mientras la parte que las impugne no presente prueba suficiente para derrotarlas. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro*, 2024 TSPR 82, resuelto el 24 de julio de 2024; *Otero Rivera v. Bella Retail Group, Inc. y otros*, supra; *Batista, Nobbe v. Jta. Directores*, 185 DPR 206, 216 (2012). No obstante, tal norma no es absoluta. Es por ello que nuestro Máximo Foro ha enfatizado que no podemos imprimirle un sello de corrección, so pretexto de deferencia a las determinaciones administrativas que sean irrazonables, ilegales o contrarias a derecho. *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, 213 DPR 753 (2023).

En *Torres Rivera v. Policía de PR*, 196 DPR 606, 628 (2016), nuestro Tribunal Supremo resumió las normas básicas en torno al alcance de la revisión judicial de la siguiente forma:

> [L]os tribunales deben deferencia a las decisiones de una agencia administrativa, pero ésta cederá cuando: (1) la determinación administrativa no está basada en evidencia sustancial; (2) el ente administrativo erró en la aplicación o interpretación de las leyes o reglamentos

que se le ha encomendado administrar; (3) el organismo administrativo actuó arbitraria, irrazonable o ilegalmente, realizando determinaciones carentes de una base racional, o (4) la actuación administrativa lesionó derechos constitucionales fundamentales. Es importante destacar que si el tribunal no se encuentra frente a alguna de esas situaciones, aunque exista más de una interpretación razonable de los hechos, procede que se valide la interpretación que realizó la agencia administrativa recurrida. *Íd.* Véase, además, *Voilí Voilá Corp. et al. v. Mun. Guaynabo*, supra, y *Super Asphalt v. AFI y otro,* supra, pág. 819.

El criterio rector bajo el cual los tribunales deben revisar las decisiones administrativas es el criterio de razonabilidad. *OEG v. Martínez Giraud*, supra; *Super Asphalt v. AFI y otro*, supra, pág. 820; *Graciani Rodríguez v. Garaje Isla Verde*, supra, pág. 127; *Torres Rivera v. Policía de PR*, supra, pág. 626. Bajo este criterio, se limita la revisión judicial a dirimir si la agencia actuó de forma arbitraria o ilegal, o de manera tan irrazonable que su actuación constituya un abuso de discreción. *Íd.*

El Tribunal Supremo de Puerto Rico ha dispuesto que la deferencia que le deben los tribunales a la interpretación que haga el ente administrativo sobre aquellas leyes y reglamentos que le corresponde poner en vigor, cede si la agencia: "(1) erró al aplicar la ley; (2) actuó arbitraria, irrazonable o ilegalmente, o (3) lesionó derechos constitucionales fundamentales". *Torres Rivera v. Policía de PR,* supra, págs. 627-628; *OEG v. Martínez Giraud*, supra. Finalmente, nuestra más Alta Curia ha expresado que, conforme a lo anterior, el criterio administrativo no podrá prevalecer en aquellas instancias donde la interpretación estatutaria realizada por una agencia provoque un resultado incompatible o contrario al propósito para el cual fue aprobada la legislación y la política pública que promueve. Así, "la deferencia judicial al *expertise* administrativo, concedido cuando las agencias interpretan la ley, tiene que ceder ante actuaciones que resulten irrazonables, ilegales o que

conduzcan a la comisión de una injusticia". *OEG v. Martínez Giraud,* supra, pág. 11.

**B**

El Tribunal Supremo de Puerto Rico ha reiterado la importancia que reviste para la buena marcha de la cosa pública, que los procesos de adquisición de bienes y servicios del gobierno se lleven a cabo con eficiencia, honestidad y completa probidad. *R & B Power v. E.L.A.,* 170 DPR 606, 619 (2007); *Empresas Toledo v. Junta de Subastas,* 168 DPR 771 (2006); *A.E.E. v. Maxon,* 163 DPR 434 (2004). De ordinario, en la adquisición competitiva de bienes y servicios por el gobierno central y municipal, se utiliza el mecanismo de la subasta pública formal o tradicional. *Íd.*; *PR Eco Park et al. v. Mun. de Yauco,* 202 DPR 525, 531 (2019). Asimismo, el *request for proposal* o requerimiento de propuestas es otro mecanismo disponible para que el gobierno adquiera bienes y servicios, caracterizado por su apertura a negociaciones y por ser un procedimiento informal y flexible. *Íd.* Por medio de ambos mecanismos se protegen los intereses del gobierno, toda vez que procuran conseguir los precios más económicos, evitan el favoritismo, la corrupción, el dispendio, la prevaricación, la extravagancia y el descuido al otorgarse los contratos, y minimizar los riesgos de incumplimiento. *Transporte Sonnell, LLC v. Junta de Subastas de la Autoridad de Carreteras y Transportación de Puerto Rico y otro,* 2024 TSPR 82, resuelto el 24 de julio de 2024, citando a *PR Eco Park et al. v. Mun. de Yauco,* supra, pág. 531, citando a *Caribbean Communications v. Pol. de P.R.,* 176 DPR 978, 994 (2009). En ese sentido, nuestro más Alto Foro ha expresado que, en la medida que haya pureza en estos procedimientos, los entes estatales y municipales promoverán la libre competencia entre los postores. *Íd.*

Como regla general, corresponde a cada ente gubernamental ejercer su poder reglamentario para establecer el procedimiento y

las guías a seguirse en sus subastas. En el caso de los municipios, tanto las subastas tradicionales, así como el requerimiento de propuestas que adjudique una Junta de Subastas municipal, están reguladas por el *Código Municipal de Puerto Rico*, Ley Núm. 107-2020, 21 LPRA sec. 7001 *et seq.* (Código Municipal). El aludido estatuto establece que los municipios deberán cumplir con el procedimiento de subasta pública, salvo contadas excepciones. 21 LPRA sec. 7211.

Conforme establece el inciso (a) del Artículo 2.040 del Código Municipal, 21 LPRA sec. 7216(a), la Junta de Subastas entenderá y adjudicará todas las subastas que sean requeridas por ley, por ordenanza municipal o reglamento. Cuando se trate de compras, construcción o suministros de servicios, el mencionado artículo establece como criterio de adjudicación el que la Junta de Subastas adjudicará a favor del postor razonable más bajo. Además, tomará en consideración que las propuestas sean conforme a las especificaciones, los términos de entrega, la habilidad del postor para realizar y cumplir con el contrato, la responsabilidad económica del licitador, su reputación e integridad comercial, la calidad del equipo, producto o servicio y cualesquiera otras condiciones que se hayan incluido en el pliego de subasta. *Íd.*

Ahora bien, la subasta podrá adjudicársele a un postor, aunque no sea necesariamente el más bajo, o sea el más alto, si ello beneficia el interés público. 21 LPRA sec. 7216(a). En tal situación, la Junta de Subastas deberá hacer constar por escrito las razones aludidas como beneficiosas al interés público que justifiquen tal adjudicación. *Íd.*

En ese sentido, los Tribunales revisores tienen la obligación de asegurar que las entidades públicas cumplan con las disposiciones normativas aplicables y con los reglamentos y procedimientos adoptados por ellas para regir la celebración de

subastas para la adquisición de bienes y servicios del sector privado. *RBR Const., S.E. v. A.C.,* 149 DPR 836, 856 (1999). Además, deben asegurar que en estos procesos se trate de forma justa e igualitaria a todos los licitadores, al momento de recibir y evaluar sus propuestas, así como de adjudicar la subasta. *Íd.* De igual forma, tienen que reconocer la discreción de las Juntas de Subastas, "al momento de considerar las licitaciones, rechazar propuestas y adjudicar la subasta a favor de la licitación que estime se ajusta mejor a las necesidades particulares de la agencia y al interés público en general". *CD Builders v. Mun. Las Piedras,* 196 DPR 336, 348-349 (2016). No obstante, las subastas son procedimientos con ciertas características adjudicativas, por ello, una vez se ha tomado la decisión administrativa, la parte adversamente afectada tiene derecho a solicitar la revisión judicial. *L.P.C. & D., Inc. v. A.C.,* 149 DPR 869, 877 (1999).

Esbozada la norma jurídica, procedemos a aplicarla al recurso ante nos.

**III**

Como único señalamiento de error, la parte recurrente plantea que la Junta de Subastas incidió al determinar que West presentó la mejor oferta económica para la Subasta Núm. 34/2024-2025. En síntesis, sostiene que su oferta era menor que la de West, toda vez que el primer año tiene un costo por hora de cincuenta centavos ($0.50) menor a la de West. Si bien admite que no hay duda de que su oferta es mayor en tres años, ello no significaba que era la más costosa. En apoyo a su contención, analizó contratos previos del mismo servicio que la Junta de Subastas había suscrito con otros licitadores en años anteriores.

Un examen sosegado del expediente que nos ocupa mueve nuestro criterio a resolver que no se hacen presentes los criterios legales que legitiman nuestra intervención respecto a lo dispuesto

por el organismo administrativo concernido. A nuestro juicio, la adjudicación de la buena pro a West por la Junta de Subastas, debido al cumplimiento de dicho licitador con los requisitos establecidos en la subasta y la presentación de la mejor oferta económica, fue una acertada, conforme exige nuestro ordenamiento jurídico. Además, su proceder estuvo dentro de los parámetros de su sana discreción y el debido proceso de ley, conforme al derecho aplicable, por lo que no amerita nuestra intervención. Nada en el expediente de autos ni en el administrativo arroja a lo planteado por el recurrente. Por el contrario, surge claramente de las ofertas presentadas que el postor con la oferta más económica fue West. Lo propuesto por el recurrente en su recurso son meras especulaciones utilizando como base contratos pasados que no son objeto del presente caso. Es decir, ninguno de sus planteamientos derrotó la presunción de corrección que merecen las determinaciones agenciales como la recurrida.

En mérito de lo antes expuesto, sostenemos la determinación agencial recurrida. Nada en el expediente de autos sugiere que el pronunciamiento que atendemos haya resultado de un ejercicio arbitrario atribuible a la Junta de Subastas. Por tanto, en ausencia de prueba al contrario, solo podemos sostener su determinación.

**IV**

Por los fundamentos que anteceden, confirmamos el dictamen recurrido.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones